IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                                           No. CR 09-3078 JB

JEREMIAH WRIGHT,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion to Release Assets in Order to Retain Counsel, filed November 16, 2009 (Doc. 25). The Court held a hearing on February 11, 2010. The primary issue is whether the Court should order the Federal Bureau of Investigation ('FBI') to release assets it seized to allow Defendant Jeremiah Wright to retain his defense attorney. Because Wright has an adequate remedy at law for such relief and is required to avail himself of that remedy rather than seek the remedy requested in his motion, the Court will deny his motion for equitable relief in his criminal case.

**FACTUAL BACKGROUND**

On October 7, 2009, Wright was arrested for distribution of methamphetamine. Following his arrest, and pursuant to a search warrant, the FBI seized several items from Wright's house, including cash, firearms, and vehicles. On or about October 21, 2009, Wright was charged in a three-count grand-jury indictment for intentional distribution of methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Each count alleges that Wright distributed methamphetamine on a different day.

**PROCEDURAL BACKGROUND**

Wright moves the Court to release his assets to allow him to retain his defense attorney. See Motion at 1. Wright argues that he has no assets other than those that the United States restrained. See Motion at 2. Wright requests that he has no other assets other than those that the United States has restrained. In response, the United States argues that it initiated forfeiture proceedings after Wright's assets were seized and that Wright received notice of the forfeiture proceedings on December 2, 2009. See Government's Response to Defendant's Motion to Release Assets in Order to Retain Counsel at 1, filed December 18, 2009 (Doc. 40)("Response"). The United States contends that the proper procedure for contesting forfeiture is to follow the statutory procedures governing civil forfeitures and not to seek relief from this Court. See Response at 2.

At the hearing, Dennis W. Montoya, Wright's attorney, argued that, to finance his defense, Wright is seeking the return of the cash, firearms, and vehicles the United States seized. See Transcript of Hearing at 3:5-8 (taken February 11, 2010)("Tr.")(Montoya).[1] Mr. Montoya also stated that, since the filing of the motion, Wright has learned of the forfeiture action and that he defers to the Court's preference as to how this matter is resolved. See Tr. at 2:15-18 (Montoya).

**ANALYSIS**

Wright received notice of civil forfeiture action via four letters dated November 24, 2009. See Response, Exhibit A (Doc. 40-2). The letters provide that, if Wright wishes to contest the forfeiture of his assets, he must comply with the statutory procedures for filing a claim set forth in 18 U.S.C. § 983(f). The Court finds that the administrative forfeiture proceedings provide Wright with an adequate remedy at law and the more appropriate remedy to address the relief he seeks in

---

[1] The citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may have slightly different page and/or line numbers.

his motion. See United States v. Akers, 215 F.3d 1089, 1106 (10th Cir. 2000)("This court has held that a forfeiture proceeding provides a defendant with an adequate remedy at law for resolving a claim to seized property."). Mr. Montoya conceded at the hearing that the administrative proceeding provides a sufficient forum in which to seek the return of Wright's assets. See Tr. at 3:20-21 (Montoya). Because the civil forfeiture procedure provides Wright with an adequate remedy for addressing the return of his assets to retain counsel, the Court will deny Wright's motion without prejudice to renewing his motion for equitable relief in this case if the civil procedure proves inadequate. If the civil forfeiture procedure does not provide Wright with the due process he seeks, he may then seek equitable relief from the Court.

**IT IS ORDERED** that the Defendant's Motion to Release Assets in Order to Retain Counsel is denied without prejudice to renewing his motion in this criminal case if he requires additional equitable relief.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Jon K. Stanford
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Dennis W. Montoya
Montoya Law, Inc.
Rio Rancho, New Mexico

    *Attorney for the Defendant*