### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,

vs.               No. CR 09-3078 JB

JEREMIAH WRIGHT,

   Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for the Disclosure of Personnel Files and Supporting Authority, filed November 17, 2009 (Doc. 27).  The Court held a hearing on February 11, 2010.  The primary issue is whether the Court should compel the United States to disclose to Defendant Jeremiah Wright, or in the alternative, to the Court for *in camera* review, all personnel and internal affairs files of the United States' witnesses employed by certain law-enforcement agencies.  For the reasons stated on the record, and for further reasons consistent with those stated, the Court will deny the motion without prejudice.

Wright has requested all personnel and internal affairs files of the United States' witnesses employed or previously employed by law-enforcement agencies, including: the New Mexico State Police, the Farmington Police Department, the Bloomfield Police Department, the Aztec Police Department, the San Juan County Sheriff's Office, the New Mexico Department of Public Safety, Crime Laboratory Bureau, the Rio Arriba County Sheriff's Office, the Bernalillo County Sheriff's Office, the Federal Bureau of Investigation, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the Region II Narcotics Task Force, the Drug Enforcement Administration, the United

States Marshal's Office, the United States Attorney's Office, the United States Department of Justice, the United States Bureau of Prisons, the Immigration and Customs Enforcement Agency, the Eleventh Judicial District Attorney's Office, and any other governmental agencies that participated in investigating Wright.  See Motion at 1-2.  In response, the United States argues that it has not yet determined which witnesses it will call, and argues that the vagueness and breadth of Wright's motion constitutes a fishing expedition.  See Government's Response to Defendant's Motion for Disclosure of Personnel Files, filed December 22, 2009 (Doc. 43).

At the hearing, Dennis W. Montoya, Wright's attorney, stated that he has received little discovery so far in this case, but that the United States has assured him that a substantial amount of discovery is forthcoming.  See Transcript of Hearing at 5:14-16 (taken February 11, 2010) ("Tr.")(Montoya); id. at 8:20-22 (Montoya).[1]  Mr. Montoya also indicated that he had been notified that there may be a superceding indictment in this case.  See Tr. at 8:13-16 (Montoya).  Assistant United States Attorney Jon. K. Stanford confirmed that he expects the superceding indictment sometime in March 2010, which will affect the discovery deadlines in this case.  See Tr. at 9:14-15 (Stanford).  Mr. Stanford stated that, because of the forthcoming superceding indictment, the United States has not determined which witnesses it will call at trial.  See Tr. at 9:12-21 (Stanford).  He also represented to the Court that the United States will "vigorously comply with its discovery obligations after they become ripe."  Tr. at 9:23-10:1 (Stanford).

The Court believes, because the United States has not yet produced its discovery, Wright's motion is premature, and that the breadth and scope of the motion is the result of its prematurity.  Mr. Montoya conceded at the hearing that, once he receives discovery, he can submit a more

---

[1] The citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may have slightly different page and/or line numbers.

specific motion to the Court. <u>See</u> Tr. at 7:24-8:1 (Montoya). Because the motion is premature, the Court will deny the motion without prejudice to him renewing his motion if the motion is necessary down the road. If, after the United States has disclosed its discovery, Wright believes that specific personnel files are relevant to his defense, he may submit a more precise request to the Court, narrowly tailored to the witnesses the United States intends to call at trial.

**IT IS ORDERED** that the Defendant's Motion for the Disclosure of Personnel Files and Supporting Authority is denied without prejudice to him renewing his motion if the motion is necessary and appropriate at a later date.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
   United States Attorney
Jon K. Stanford
   Assistant United States Attorney
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Dennis W. Montoya
Montoya Law, Inc.
Rio Rancho, New Mexico

   *Attorney for the Defendant*