IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                   No. CR 09-3078 JB

JEREMIAH WRIGHT,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion to Suppress Any Statements Made to Law Enforcement Following His Arrest, filed November 19, 2009 (Doc. 28).[1] The Court held a hearing on February 11, 2010. The primary issue is whether the Court should suppress statements, if any such statements exist, Defendant Jeremiah Wright made to law enforcement officers following his arrest and/or during his detention. For the reasons stated on the record and for further reasons consistent with those stated, the Court will deny the motion without prejudice.

In his motion, Wright argues that, following his arrest, one or more law enforcement officials interrogated or attempted to interrogate him without advising him of his Miranda[2] rights or permitting him to talk to his attorney. See Motion at 3. He argues that it is unknown whether there

---

[1] Wright erroneously filed the same motion twice. See Defendant's Motion to Suppress Any Statements Made to Law Enforcement Following His Arrest, filed November 19, 2009 (Doc. 30). At the hearing, Wright's counsel explained the administrative error and stated that he will withdraw the duplicate motion. See Tr. at 11:12-18 (Montoya).

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

are any statements which the United States will seek to enter. See Motion at 4. The United States responded that it is not aware of any statements Wright made to law enforcement following his arrest, and therefore has no such statements which it otherwise plans to use at trial or in any other proceeding. See Government's Response to Defendant's Motion to Suppress Evidence at 1, filed December 22, 2009 (Doc. 42). The United States contends that the Court cannot suppress something which does not exist. See Response at 2. At the hearing, Dennis W. Montoya, Wright's attorney, represented to the Court that, based upon the United States' representation in its response that it does not intend to use any post-arrest statements, he believes it is appropriate for the Court to deny the motion without prejudice. See Transcript of Hearing at 12:3-7 (taken February 11, 2010)("Tr.") (Montoya).[3] Assistant United States Attorney Jon. K. Stanford represented to the Court that he had been informed that Wright asserted his right to counsel immediately following arrest and that he knows of no statements that were made before Wright asserted his right to counsel. See Tr. at 12:10-18 (Stanford, Court). Mr. Stanford also represented that, if any statements do come to light, they will immediately be produced to Mr. Montoya. See Tr. at 12:19-24 (Court, Stanford). Because at this time there are no known statements that Wright made to law enforcement, the Court will deny the motion without prejudice to his renewing this motion if some statements come to light. The Court instructs the United States that, if any post-arrest statements are uncovered and the United States intends to use such statements, it must immediately make those statements known to Wright.

**IT IS ORDERED** that the Defendant's Motion to Suppress Any Statements Made to Law Enforcement Following His Arrest is denied without prejudice to him renewing this motion if some post-arrest statements are subsequently disclosed.

---

[3] The citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may have slightly different page and/or line numbers.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Jon K. Stanford
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Dennis W. Montoya
Montoya Law, Inc.
Rio Rancho, New Mexico

    *Attorney for the Defendant*