# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Jeremiah Wright** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:09CR03078-001JB**<br>USM Number: **48759-051**<br>Defense Attorney: **Santiago Juarez, Retained** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **S1 through S5 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. Sec. 841(b)(1)(C) | 07/16/2009 | S1 |
| 21 U.S.C. Sec. 841(b)(1)(B) | Distribution of 5 Grams and More of Methamphetamine | 08/15/2008 | S2 |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **s S6 through S61** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**July 29, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**November 23, 2011**
Date Signed

Defendant: **Jeremiah Wright**
Case Number: **1:09CR03078-001JB**

# ADDITIONAL COUNTS OF CONVICTION

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(B) | Distribution of 5 Grams and More of Methamphetamine | 08/29/2008 | S3 |
| 21 U.S.C. Sec. 841(b)(1)(B) | Distribution of 5 Grams and More of Methamphetamine | 10/07/2008 | S4 |
| 18 U.S.C. Sec. 924(c)(1)(A) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime | 10/07/2009 | S5 |

Defendant: **Jeremiah Wright**
Case Number: **1:09CR03078-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **120 months**.

**A term of 60 months is imposed as to each of Counts S1 through S4; a term of 60 months is imposed as to Count S5; said terms shall run consecutively to the term imposed in Counts S1 through S4, for a total of 120 months.**

**Defendant Jeremiah Wright, pursuant to a Plea Agreement, filed April 27, 2011 (Doc. 281), pled guilty to Counts 1 through 5 of the Superseding Indictment, filed April 27, 2010 (Doc. 62), charging him: (i) in Count 1 with a violation of 21 U.S.C. § 846, that being conspiracy; (ii) in Counts 2 through 4 with a violation 21 U.S.C. § 841(a)(1) and (b)(1)(B), that being distribution of five grams and more of methamphetamine; and (iii) in Count 5 with a violation of 18 U.S.C. § 924(c)(1)(A), that being possession of a firearm in furtherance of a drug trafficking crime. The Plea Agreement stipulates to a sentence of 120-months imprisonment. See Plea Agreement ¶ 10, at 6.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Wright on June 8, 2011. In the PSR, the USPO calculated Wright`s total offense level to be 31. See PSR ¶ 252, at 40. The PSR grouped Counts 1 through 4 pursuant to U.S.S.G. § 3D1.2(d). See PSR ¶ 243, at 38. The PSR did not, pursuant to U.S.S.G. § 2K2.4, group Count 5 with the other Counts and recognized that the guideline imprisonment range for Count 5, as required by statute, is 60 months. See PSR ¶ 243, at 38. The PSR also noted that the sentence for Count 5 must run consecutively to the sentence for the other Counts. See PSR ¶ 243, at 38. The PSR calculated Wright`s base offense level for Counts 1 through 4 at 32. See PSR ¶ 244, at 38. The PSR included a 2-level upward adjustment under U.S.S.G. § 3B1.1(c) based on Wright`s role as "an organizer, leader, manager, or supervisor in" the criminal activity in question. PSR ¶ 248, at 40. The PSR included a 3-level reduction under U.S.S.G. § 3E1.1 based on Wright`s acceptance of responsibility. See PSR ¶ 251, at 40. The PSR lists his criminal history category as III, based on 6 criminal history points. See PSR ¶ 258, at 44. For Counts 1 through 4, the PSR calculated that an offense level of 31 and a criminal history category III results in a guideline imprisonment range of 135 to 168 months. See PSR ¶ 307, at 57. Additionally, for Count 5, the PSR calculated that, as the statute requires, the sentence must be at least 60 months and that this sentence must run consecutively to the sentence for Counts 1 through 4. There being no disputes about the factual findings in the PSR, the Court adopts them as its own.**

**Wright moves the Court for a 120-month sentence. Plaintiff United States of America agreed to this sentence in the Plea Agreement. See Plea Agreement ¶ 10, at 6. At the sentencing hearing, the parties agreed to the Court reducing Wright`s offense level 3-levels pursuant to U.S.S.G. § 3E1.1. The Court adopts the sentencing calculation in the PSR as its own. For Counts 1 through 4, a criminal offense level of 31 and a criminal history category III produces a guideline sentence of 135 to 168 months. Additionally, for Count 5, the statute requires the sentence to be at least 60 months, and this sentence must run consecutively to the sentence for Counts 1 through 4. The Court notes that Wright was the leader of a methamphetamine drug trafficking organization, and is accountable for 279.6 grams of methamphetamine and 101.9 grams of actual methamphetamine. The Court also notes that Wright possessed firearms in furtherance of his drug trafficking activities. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Wright`s offenses. The Court agrees with the parties that a sentence of 120 months is sufficient to reflect the seriousness of these offenses. The United States has pointed to some weaknesses in its case if the case were to proceed to trial, such as the relatively small amount of seized drugs in relation to comparable cases. The United States noted that one of the agents on this case had never worked on a wiretap case before this one. Based on one of the agents not wanting to alert Wright`s methamphetamine source to the investigation and some other developments leading up to Wright`s arrest, the United States seized a lower amount of drugs than it typically would in such a case. The Court has in the past held that weaknesses in the United States` case may be grounds for a variance, because in some cases, such as this one, a sentence of some length is a more just punishment than no sentence at all. Wright has some criminal history, but those crimes do not involve any significant violent activity. Wright is a relatively young man, twenty-four years old. He is facing a 120-month sentence, which is a serious sentence. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 120 months is adequate to reflect the seriousness of Wright`s crimes. Other conditions that the Court will require as part of supervised release will also provide Wright with some needed education, training, and care to prevent these problems from reoccurring. Given the length of the sentence, this sentence adequately reflects the seriousness of the offenses, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the**

public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98?473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). For Counts 1 through 4, the Court sentences Wright to 60-months imprisonment. For Count 5, the Court sentences Wright to 60-months imprisonment. The sentences will run consecutively. Thus, the Court sentences Wright to a total of 120-months imprisonment.

☒ The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends Jesup Federal Correctional Insitution, Jesup, GA, if eligible.**
**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Jeremiah Wright**
Case Number: **1:09CR03078-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years** .

**A term of 4 years is imposed as to each of Counts S1 through S5; said terms shall run concurrently for a total term of 4 years.**
The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Jeremiah Wright**
Case Number: **1:09CR03078-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in an educational or vocational program as approved by the probation officer.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal drugs, drug paraphernalia, weapons, or other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant shall have no contact with the co-defendants in this case.**

**As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**As to Standard condition No. 13, it shall not apply to employers: as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.**

**The Defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing and outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The Defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling and/or prescribed medication. The Defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Officer.**

Defendant: **Jeremiah Wright**
Case Number: **1:09CR03078-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
|  | **$500.00** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒   In full immediately; or
B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.